Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile:  (406) 551-6919
E-mail:        matthewmonforton@yahoo.com

Attorney for Plaintiff Robin Benson

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| ROBIN BENSON, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) **VERIFIED COMPLAINT** |
| v. | ) |
| | ) |
| LINDA McCULLOCH, in her official | ) |
| capacity as Montana's Secretary of State, | ) |
| JONATHAN MOTL, in his official | ) |
| capacity as Montana's Commissioner of | ) |
| Political Practices, TIMOTHY FOX, in his | ) |
| official capacity as Montana's Attorney | ) |
| General, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PRELIMINARY STATEMENT

1. It is a crime for candidates to call themselves "Republicans" in Lincoln

County (of all places) when running for one of the County's public offices.

2. The Commissioner of Political Practices as well as the Montana Secretary

of State's office used this remarkably absurd law to bully Plaintiff Robin Benson, a

54 year-old woman who ran in 2014 as a candidate for Clerk and Recorder of Lincoln County, a county which omits party labels from its ballots for candidates running for county offices.

3. After telling Mrs. Benson for months that she could identify herself as a Republican, Defendants abruptly informed her -- less than two weeks before Election Day -- that she had violated Montana law by doing so.

4. They then sent a written statement to the local press in Lincoln County alleging that Mrs. Benson had engaged in illegal campaigning.

5. Defendant Motl then told Mrs. Benson on the Thursday before Election Day that if she didn't remove the word "Republican" from all of her campaign signs, she would be subject to removal from office in the event she won.

6. Mrs. Benson was devastated.

7. She had carefully sought to obey the law and repeatedly requested assistance from the staff of Defendant Motl and Defendant McCulloch in order to ensure she was in full compliance.

8. She had never previously been accused of violating the law, and certainly not in such a public manner.

9. She and her husband spent the entire weekend before Election Day driving around Lincoln County in an effort to bring her signs into compliance with Defendant Motl's eleventh-hour directive.

10. Despite efforts by Defendant McCulloch, Defendant Motl, and their staffs to tamper with her election, Mrs. Benson somehow managed to prevail – barely.

11. Mrs. Benson has since served ably and honorably as Lincoln County's Clerk and Recorder, even after the unexpected death of her husband earlier this year.

12. She desires to complete her term and, in 2018, seek another 4-year term as Clerk and Recorder.

13. She would also like to inform voters, once again, that she considers herself a Republican and adheres to the positions contained in the Party's platform.

14. She will not communicate this information to voters, however, so long as Montana makes it a crime to do so and exposes her to the kind of public disparagement she endured in 2014 at the hands of overbearing government officials.

## JURISDICTION AND VENUE

15. This Court has jurisdiction under 28 U.S.C. §§1331, 1343, 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution.

16. Venue for this action properly lies in the Helena Division of the District of Montana because Defendants are believed to reside within the Helena Division.

**PARTIES**

17. Plaintiff Robin Benson is, and at all times pertinent to this action has been, a resident of Lincoln County in the State of Montana.

18. Defendant Linda McCulloch is Montana's Secretary of State.  Plaintiff is informed, believes, and thereon alleges that Defendant McCulloch resides in Lewis and Clark County, Montana.

19. Defendant Jonathan Motl is the Commissioner of Political Practices for Montana.  Plaintiff is informed, believes, and thereon alleges Defendant Motl resides in Lewis & Clark County in the State of Montana.

20. Defendant Timothy Fox is Montana's Attorney General and has authority to investigate and prosecute violations of Montana's election laws by and through the county attorneys under his supervision.  Plaintiff is informed, believes, and thereon alleges that Defendant Fox resides in Lewis & Clark County in the State of Montana.

**STATEMENT OF FACTS**

21. Under Montana law, "a political party and its regularly nominated candidates, members, and officers have the sole and exclusive right to the use of the party name.  A candidate for office may not use any word of the name of any other political party or organization other than that by which the candidate is nominated."  § 13-10-602(1), MCA.  A "non-partisan candidate may not use any

word of the name of any existing political party or organization in the candidacy."
§ 13-10-602(2), MCA.

22. A violation of this statute is a crime. § 13-35-103, MCA.

23. Montana gives local governments the option of preparing ballots that
omit party designations for candidates seeking election to local offices. § 7-3-413,
MCA, § 13-14-111, MCA, *et seq*.

24. After 2009, Lincoln County began conducting elections for its public
offices on a nonpartisan basis.

25. On February 21, 2014, Plaintiff Robin Benson filed a "Statement of
Candidate" form with Defendant Motl declaring her candidacy for Clerk and
Recorder for Lincoln County.

26. In August 2014, prior to ordering signs from her printer, Mrs. Benson
contacted Defendant Motl's office and asked if her use of the word "Republican"
on her campaign signs violated any law.

27. Defendant Motl's office assured Mrs. Benson that she had a
constitutional right to use the word on her signs.

28. Despite this assurance, supporters of Mrs. Benson's opponent, Tammy
Lauer, as well as members of the local press questioned Mrs. Benson's calling
herself a Republican during the campaign.

29. On September 27, 2014, Mrs. Benson explained on her campaign Facebook page why disclosing her party preference was important to her:

> Let me tell you why I have REPUBLICAN on my campaign signs. I have been at every festival, had many Meet & Greets, been walking door to door in an attempt to visit with as many people as possible. I have come to the conclusion that people simply want to know. They ask me about my party affiliation. Some won't even take the campaign material out of my hands until I answer the question. So I feel it is my duty to be open, honest and transparent. I will always tell people anything they want to know about me or any county issue.

30. Sometime in early October 2014, Aubyn Curtiss, the chair of the Lincoln County Republican Central Committee, emailed the following statement to Mrs. Benson: "I am also reading that the 'Republican' designation belongs to the Republican party and as spokesman for the party in our County, I will be clear that we are pleased that you chose to characterize yourself by that designation. It is so descriptive that I believe the majority in Lincoln County will identify with your beliefs and traditions. It seems no different that saying I am a Baptist or I am LDS or Catholic."

31. On October 22, 2014, in response to continued criticism, Vicky Lawrence, one of Mrs. Benson's friends and campaign volunteers, sought written confirmation from Defendant Motl's office that Mrs. Benson's use of the term "Republican" did not violate state law.

32. Mary Baker, the Program Supervisor for Defendant Molt, assured her that it did not.

33. A day later, Ms. Baker abruptly shifted gears.

34. She sent an email to Ms. Lawrence stating that Defendant Motl had determined Montana law prohibited Mrs. Benson from identifying herself as a Republican.  (**Exhibit 1**).

35. On October 30, 2014, in a statement to local newspapers in Lincoln County, Jorge Quintana, the chief legal counsel for Defendant McCulloch, alleged that "nonpartisan candidates are specifically prohibited from using the name of any political party in their candidacies."  (**Exhibits 2 & 4**).

36.  Mr. Quintana did not mention that the Commissioner's office in August had assured Mrs. Benson of her right to identify herself as a Republican.

37. That same day, a reporter for the *Western News* in Libby, Montana, sent an email to Defendant Motl regarding "allegations of illegal use of party name on a candidate for nonpartisan office's [*sic*] signs in Libby."  (**Exhibit 3**).

38. Defendant Motl informed the reporter that "the statute you will want to look at is § 13-10-602(2), MCA…."

39. He also stated that "it may be that the county attorney, rather than our office, has primary enforcement for this statute."

40. In an email sent on October 30, 2014, to his staff and staff members of Defendant McCulloch concerning § 13-10-602(2), MCA, Defendant Motl advised

that "we are working on an advisory opinion as to the enforcement authority between our two offices." (**Exhibit 4**).

41. That same day, Mrs. Benson received telephone calls from several local newspapers, including the *Western News*, the *Kootenai Valley Record*, and the *Tobacco Valley News*, requesting a response to the allegation that she had broken the law by identifying herself as a Republican.

42. Mrs. Benson responded by calling Alan Miller, an official employed by Defendant McCulloch's office under the title of Elections Specialist, who informed her that she could legally use the term "Republican" on her signs because the pertinent statute, § 13-10-602, MCA, did not apply to elections for county offices.

43. Later in the day on October 30, however, Defendant Motl called Mrs. Benson and informed her that if she did not promptly remove the word "Republican" from all of her campaign signs, she would be subject to removal from office should she prevail in the election.

44. Because of this threat, Mrs. Benson and her husband drove around Lincoln County during the weekend before Election Day and redacted the word "Republican" from all of her campaign signs.

45. Fear arising from Defendant Motl's threat also caused Mrs. Benson to post an apology on her campaign Facebook page.  (**Exhibit 5**).

46. Aside from the death of her husband in May 2016, October 30 was the worst day of Mrs. Benson's life due to the press inquiries concerning her "illegal" campaign activities and Defendant Motl's threat against her.

47. The next day, the *Western News* published an article entitled: "Attorney: Signs violate elections law." (**Exhibit 2**).

48. The article contained Mr. Quintana's allegation that Mrs. Benson violated the law by identifying herself as a Republican.

49. Despite Defendants' efforts to tamper with her election, Mrs. Benson received more votes than her opponent, Tammy Lauer (3,622 and 3,419 votes, respectively).

50. On November 24, 2014, a Libby resident filed a complaint with Defendant Motl alleging that Mrs. Benson violated § 13-10-602 "by identifying a party affiliation in a NONPARTISAN race.  She is in direct violation of Montana law!" (**Exhibit 6**, emphasis in original).

51. Defendant Motl responded with a letter dated December 1, 2014. (**Exhibit 7**).

52. In that letter, he advised the complainant to "refile this complaint with the Montana Secretary of State's office.  I have copied this letter to legal counsel for the Montana Secretary of State's office."

53. In that same letter, Defendant Motl advised the complainant that "you have a private right to contest the election in court under the authority of 13-36-101, MCA."

54. Mrs. Benson intends to seek another term as Clerk and Recorder when her current term expires in 2018.

55. She desires to again inform voters that she considers herself to be a Republican.

56. Mrs. Benson will not, however, so long as doing so constitutes a crime and exposes her to another round of public denigration by state officials.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Section § 13-10-602, MCA, Violates the Free Speech Clause of the First Amendment to United States Constitution**

57. All previous paragraphs are incorporated by reference.

58. Section 13-10-602, MCA, prohibits candidates for nonpartisan offices, such as Mrs. Benson, from communicating their party preference to voters.

59. Section 13-10-602, MCA, is therefore a content-based restriction on campaign speech and subject to strict scrutiny. *Citizens United v. F.E.C.*, 558 U.S. 310, 340 (2010).

60. Defendants have no compelling state interest in threatening and publicly humiliating candidates like Mrs. Benson who desire to communicate to voters their party preference.

61. Section 13-10-602, MCA, is not narrowly tailored.

62. Defendants violated Mrs. Benson's First Amendment right to free speech by threatening her with removal from office and publicly humiliating her because of her communication to voters of her party preference.

63. Mrs. Benson desires to run for re-election in 2018 and also desires to communicate her party preference to voters.

64. She cannot do so, however, while the State criminalizes such speech and state officials such as Defendants publicly humiliate candidates like her for engaging in such speech.

65. Section 13-10-602, MCA, therefore violates the Free Speech Clause of the First Amendment to the United States Constitution both on its face and as applied to Mrs. Benson.

## SECOND CLAIM FOR RELIEF

**Prohibiting Candidates For County Offices in Lincoln County From Communicating Their Party Preference While Permitting Candidates For County Offices in Other Counties to Do So Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

66. All previous paragraphs are incorporated by reference.

11

67. Strict scrutiny must be applied to governmental classifications that either rely upon "suspect" grounds, (*e.g.*, race, ethnicity, religion), or impinge upon fundamental rights. *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277 (9th Cir. 2004).

68. These fundamental rights include government classifications that prevent certain persons from speaking about an issue while permitting others to do so. *ACLU of Nevada v. City of Las Vegas*, 466 F.3d 784, 799-800 (9th Cir. 2006); see also *Citizens United,* 558 U.S. at 340-41 ("By taking the right to speak from some and giving it to others, the Government deprives the disadvantaged person or class of the right to use speech to strive to establish worth, standing, and respect for the speaker's voice.").

69. Though Lincoln County has chosen to conduct elections for county office on a nonpartisan basis, many other Montana counties identify on their ballots the party preference of candidates for county offices.

70. Section 13-10-602, MCA, criminalizes the speech of candidates in Lincoln County who seek county office and communicate their party preference to voters.

71. Candidates seeking county office in other Montana counties, however, are not prohibited from communicating their party preference to voters.

72. Montana has no compelling interest justifying this discriminatory treatment of candidates seeking county office.

73. Additionally, Section 13-10-602, MCA, is not narrowly tailored.

74. Defendants violated Mrs. Benson's right to equal protection by threatening her with removal from office and publicly humiliating her because of her communication to voters of her party preference while refraining from doing so to hundreds of other candidates for county offices around Montana who communicated similar information to voters.

75. The State will continue to violate Mrs. Benson's right to equal protection under the law without relief from this Court.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Robin Benson requests the following relief from this Court:

a) A declaration that § 13-10-602, MCA is unconstitutional on its face and as applied to Mrs. Benson;

b) An injunction prohibiting Defendants from enforcing § 13-10-602, MCA;

c) An award of nominal damages against Defendants;

d) An award to Mrs. Benson of costs of litigation, including reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988; and

e) Any other relief to which Mrs. Benson may be entitled, or as this Court deems necessary and proper.

DATED: October 18, 2016                    Respectfully submitted,

                                           /s/ Matthew G. Monforton
                                           Matthew G. Monforton
                                           Attorney for Plaintiff

## VERIFICATION BY ROBIN BENSON

I, Robin Benson, declare as follows:

1. I am the Plaintiff in the above-entitled matter.

2. I have reviewed the attached Complaint and declare that the facts and allegations contained therein are true, except insofar as they are stated to be on information, and that, insofar as they are stated to be on information, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the statements contained in this Declaration are true and correct.

Executed on October 18, 2016, in Libby, Montana

Robin Benson
Declarant

14